[Cite as *State v. Jones*, 2013-Ohio-119.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24772 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-CR-410 |
| v. | : | |
| | : | |
| TASHAUN JONES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of January, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

TYLER D. STARLINE, Atty. Reg. #0078552, Finlay, Johnson & Beard, Ltd., 260 North Detroit Street, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}     In July 2011, TaShaun Jones pleaded guilty to two counts of aggravated

robbery, one count of carrying a concealed weapon, one count of underage purchase of a firearm or handgun, and three counts of felonious assault, two of which involved police officers. These charges stemmed from Jones's robbing a pizza-delivery driver, firing a gun at the driver seven times, and exchanging gun fire with undercover police officers.

{¶ 2}     Before Jones entered his pleas, the trial court told him the maximum sentence for each charge and told him that the sentences could run consecutively. The court told Jones that the maximum consecutive prison sentence he could receive was 57 years. The court also told Jones that, after he completed his prison sentence, a post-release control sanction would be imposed on him. The court told him that if he violated a condition of the post-release control sanction, a new prison term could be imposed. The court said that the length of this new term would be "up to one-half of the Court's stated prison term." (Tr. 33). The trial court ultimately sentenced Jones to 32 years in prison. The prison term imposed for each of the two felonious-assault charges involving police officers was the statutory maximum 10 years, and the court ordered Jones to serve the two terms consecutively.

{¶ 3}     Jones appealed. He assigns two errors to the trial court.

## A. Post-release Control Violation Notice

{¶ 4}     The first assignment of error alleges that the trial court failed to comply with R.C. 2943.032 by not informing Jones that if he violates a condition of his mandatorily imposed post-release control sanction, he could be sent back to prison for up to 9 months for each singular violation. Jones contends that because the trial court did not specifically tell him of the 9-month limitation, his plea was not knowingly and intelligently made and should be vacated. The State concedes that the trial court failed to comply with the statute. But it

contends that the court substantially complied with the law governing plea colloquies and that Jones was not prejudiced by the error.

{¶ 5}  R.C. 2943.032 provides: "Prior to accepting a guilty plea or a plea of no contest [for] a felony, the court shall inform the defendant personally that * * *, if the offender violates the conditions of a post-release control sanction * * *  the parole board may impose upon the offender a residential sanction that includes a new prison term of up to nine months." The court's advice that the prison term for violation of post release control could be "up to one half of the Court's stated prison term", which in this case could potentially   have been 57 years, informed the defendant of the maximum potential post release control sentence, but not the segmental nine-month-per-violation limitation.

{¶ 6}  The Ohio Supreme Court has observed that "[a] criminal defendant's choice to enter a plea of guilty or no contest is a serious decision." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. The Court explained:

> The benefit to a defendant of agreeing to plead guilty is the elimination of the risk of receiving a longer sentence after trial. But, by agreeing to plead guilty, the defendant loses several constitutional rights. The exchange of certainty for some of the most fundamental protections in the criminal justice system will not be permitted unless the defendant is fully informed of the consequences of his or her plea. Thus, unless a plea is knowingly, intelligently, and voluntarily made, it is invalid.

> To ensure that pleas conform to these high standards, the trial judge must engage the defendant in a colloquy before accepting his or her plea. * * *

Crim.R. 11(C), (D), and (E). It follows that, in conducting this colloquy, the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea.

(Citations omitted.) *Id.* at ¶ 25-26. To that end, Crim.R. 11(C)(2)(a) provides that, before accepting a guilty plea, a court must "[d]etermin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *."

{¶ 7} The "maximum penalty" includes any mandatory post-release control sanction, which has been explained this way:

Postrelease control is a period of supervision that occurs after a prisoner has served his or her prison sentence and is released from incarceration, during which the individual is subject to specific sanctions with which he or she must comply. Violation of these sanctions may result in additional punishment, such as a longer period of control, more restrictions during the control period, or a prison term of up to nine months per violation, subject to a cumulative maximum of one-half of the original stated prison term.

(Citations omitted.) *Clark* at ¶ 35. Thus if the defendant will be subject to a period of post-release control, to comply with Crim.R. 11 the court must inform the defendant of post release control. However, case law distinguishes between constitutional and non-constitutional components of Crim. R. 11.

When the trial judge does not substantially comply with Crim.R. 11 in

regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. See *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 364 N.E.2d 1163, and Crim.R. 52(A); see also *Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 23. The test for prejudice is "whether the plea would have otherwise been made." *Nero* at 108, 564 N.E.2d 474, citing *Stewart, id.* If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. See *Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d, 1224, paragraph two of the syllabus.

*Id.* at ¶ 32.

{¶ 8}     Arguably, the trial court literally complied with Crim R. 11 because it advised the defendant of the "maximum penalty," which included a prison term, and advised him of imposition of the correct term of mandatory post-release control, and advised him of the maximum possible sanction. One could question whether Crim.R. 11 requires the court to tell the defendant anything about the length of a a post-release sanction prison term because that term is a consequence of a violation of the sanction, imposed by the parole board and not a sentence imposed by the court for committing the original offense. Moreover, the nine month sanction limit for each singular violation is in R.C. 2943.032, not Crim. R. 11. Nevertheless,

other appellate courts have reviewed issues concerning the completeness of a post release control explanation (aside from the mandatory/discretionary and 3/5 year reversible errors) under a substantial compliance analysis. In *State v. Allen*, 10th Dist. Franklin No. 11AP-640, 2012-Ohio-2986, ¶ 23, the court found substantial compliance "[b]ased upon the trial court's explanation of appellant's maximum penalties, including the terms of mandatory post-release control, combined with the information contained in the guilty plea forms and the trial court's inquiries regarding whether appellant discussed the guilty plea forms with his attorney, understood the guilty plea forms, and signed the guilty plea forms." In *State v. McDuffie*, 8th Dist. Cuyahoga No. 96721, 2011-Ohio-6436, ¶ 24, the court found substantial compliance where "the trial court advised appellant, '[s]hould you misbehave while under their supervision, you can receive additional prison time under this case number.' " In *State v. Reese*, 9th Dist. Wayne No. 09CA0020, 2009-Ohio-6507, ¶ 9, the court concluded that, under the totality of the circumstances, the defendant subjectively understood the consequences of his plea even though the trial court failed to inform him about "the specific terms of re-incarceration he might face for post-release control violations." And in *State v. Munyan*, 5th Dist. Licking No. 08-CA-88, 2009-Ohio-2348, the appellate court concluded that the trial court substantially complied with Crim.R. 11 despite not informing the defendant about the length of re-incarceration he might face for violations of his post-release control under former R.C. 2943.032(E). Consistent with the holdings in these cases, we determine that the trial court complied with Crim. R. 11 even though the defendant was not expressly advised of the R.C. 2943.032 nine month limitation, and therefore, Crim. R. 11 does not provide any basis for the defendant to vacate his plea.

{¶ 9} Aside from compliance with Crim. R. 11 by the trial court, a separate issue is whether the conceded failure to directly comply with R.C. 2943.032 presents a basis to vacate the defendant's plea as not being knowingly and intelligently made. The trial court here told Jones that if he violated post-release control, "they could send you back to prison for up to one-half of the Court's stated prison term." (Tr. 33).[1] The trial court explained that a 5-year post-release control sanction means: "[W]hat post-release control means is that if you get out of prison and you're subject to that post-release control period, if you violate any of the terms of your release from prison or if you violate any law, the parole board could add more time or more restrictions to your post-release control or they could send you back to prison * * *." (Tr. 33). The court failed to comply with the statute and, therefore, erred.

{¶ 10} But this error is one for which the defendant must demonstrate prejudice before we would determine that his plea should be vacated. It is usually the case that "where the trial court erroneously overstates the length of additional prison time that can be imposed for a violation of post-release-control conditions, the defendant is not prejudiced." *State v. Gulley*, 1st Dist. Hamilton No. C-040675, 2005-Ohio-4592, ¶ 22, citing *State v. Carnicom*, 2d Dist. Miami No. 2003-CA-4, 2003-Ohio-4711, ¶ 15-16 (concluding that any overstatement about the potential length of a prison term for violating a post-release control condition could not have prejudiced the defendant); *see State v. Williams*, 10th Dist. Franklin No. 10AP-1135, 2011-Ohio-6231, ¶ 27 ("[W]e cannot say that a potential overstatement of the [post-release

---

[1] We point out that what the trial court said is not incorrect—just incomplete. Under R.C. 2967.28, the maximum prison term for any *single* post-release control violation is 9 months. R.C. 2967.28(F)(3). But the "maximum cumulative prison term" for *multiple* violations is "one-half of the stated prison term originally imposed." *Id.*

The judgment entry of conviction correctly states: "The parole board also could impose up to an additional nine (9) months prison term for each violation for a total of up to fifty percent (50%) of the original sentence imposed by the court." (Dkt. #41).

control] sanction that could be imposed creates prejudice * * *."), citing *State v. Young*, 4th Dist. Gallia No. 06CA10, 2007-Ohio-5232, and *Carnicom. But see Carnicom* at ¶ 18 (cautioning "that a trial court's misstatement of the maximum possible prison time for an offense that overstates the time may not always be harmless error in a plea as charged") (Fain, J., concurring).

{¶ 11}   Jones does not assert, let alone demonstrate, that he was prejudiced–that he would not have pleaded guilty had the trial court told him that the maximum possible prison term for a single violation of a post-release control condition is 9 months. We fail to see how this defendant, facing a potential of many years of re-incarceration for post release control violations, would have failed to enter his pleas if he knew those many years could only be imposed in nine month increments.   Accordingly, we find no grounds to vacate Jones's plea.

{¶ 12}   The first assignment of error is overruled.

**B. Maximum Consecutive Sentences**

{¶ 13}   The second assignment of error alleges that the trial court abused its discretion by imposing the longest possible prison term for the two felonious-assault counts involving police officers and ordering that Jones serve them consecutively.

{¶ 14}   The trial court explained its decision at the sentencing hearing. The court noted Jones's criminal history and the nature of the two felonious assault offenses:

> [T]he defendant is young in age. He's currently 18 years old. However, he does have an extensive juvenile record, indicating a 2007 offense for aggravated menacing, a 2007 offense for assault, a 2007 offense for theft, a 2008 offense for disorderly conduct near a school, a 2008 grand theft auto, and

a 2008 burglary charge.

And then we go to the offenses that are at issue, they were of great violence, obviously involving offenses against police officers.

(Tr. 48-49).

**{¶ 15}** The court expressly found that the maximum sentence was called for for these two offenses:

[T]he Court will make the findings that in the Court's view the imposition of consecutive sentences is appropriate, and the maximum consecutive sentence with regard to the assaults on the police officers is appropriate because the acts of the defendant constituted the worst form of the offense, and so too with other sentences. The Court believes that the appropriate findings are made, that consecutive sentences are appropriate, again, based upon the violent nature of the offenses, the use of the firearm, the lack of any reason whatsoever for this violence to have broken out.

(Tr. 54).

**{¶ 16}** Jones concedes that his sentence is lawful–that it falls within the applicable statutory range. He does not cite any factors not considered by the trial court in the above-quoted explanation. We cannot say that the sentence imposed for the two felonious assault offenses is an abuse of the trial court's discretion.

**{¶ 17}** The second assignment of error is overruled.

**{¶ 18}** The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Tyler D. Starline
Hon. Mary L. Wiseman