[Cite as *State v. Harris*, 2017-Ohio-8419.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   2017-CA-19 |
| | : | |
| v. | : | T.C. NO. 17-CR-107 |
| | : | |
| TRAVONTE E. HARRIS | : | (Criminal Appeal from |
| | : |   Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the 3rd day of November, 2017.

. . . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecutor, 61 Greene Street, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

JAMES S. ARMSTRONG, Atty. Reg. No. 0020638, P.O. Box 20368, Kettering, Ohio 45420
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Travonte E. Harris appeals his conviction and sentence for one count of felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree, and one count of having a weapon while under disability, in violation of R.C. 2923.13(A)(2), a felony of the third degree. Harris filed a timely notice of appeal with this Court on March 24, 2017.

{¶ 2} On November 23, 2016, Harris was indicted in Case No. 2016 CR 0615 for one count of aggravated robbery, one count of felonious assault, one count of having a weapon while under disability, and one count of kidnapping. At the time he was indicted, Harris was on post-release control (PRC) from a conviction in a separate case dating back to 2009. The trial court eventually scheduled Harris' trial to be held on March 6, 2017. The trial was then continued to March 13, 2017.

{¶ 3} Pursuant to a plea agreement reached after the final pre-trial conference, the State dismissed the original case and prepared a bill of information charging Harris under a new case number. Pursuant to negotiations between the parties, on March 10, 2017, the State filed a bill of information in Case No. 2017 CR 0107 charging Harris with one count of felonious assault and one count of having a weapon while under disability. On the same day, Harris pled no contest to both counts in the bill of information. Harris' Plea Agreement Report stated as follows:

The Defendant will make a plea of no contest to Count one [R.C.] 2903.11(A)(2) Felonious Assault, a felony of the second degree and Count two [R.C.] 2923.13(A)(2) Having Weapons While Under Disability, a felony of the third degree. The parties stipulate to 5 years. Defendant

understands that the sentence on Count 1 will be a mandatory sentence based upon his prior conviction in Greene County Common Pleas Court Case No. 2009 CR 580. The State would oppose judicial release and transitional control. No other charges of intimidation to be filed as a result of this agreement and no imposition of PRC [Post-Release Control] time as a sentence will be imposed in this case.

{¶ 4} The trial court accepted Harris' no contest plea and found him guilty. The trial court imposed the stipulated five-year prison sentence, imposing two years for the felonious assault[1] and three years for having a weapon while under disability, ordering the sentences to be served consecutively. The trial court did not impose a prison sentence for Harris' violation of PRC.

{¶ 5} It is from this judgment that Harris now appeals.

{¶ 6} Harris' sole assignment of error is as follows:

{¶ 7} "APPELLANT'S PLEA OF NO CONTEST WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY AND SHOULD BE VACATED AND THE CASE REMANDED FOR FURTHER PROCEEDINGS."

{¶ 8} In his sole assignment, Harris contends that his no contest pleas were not entered knowingly, intelligently, and voluntarily because the trial court failed to inform him, at the plea hearing, that any prison sentence it imposed for his violating post-release control was required to be consecutive to his sentences for felonious assault and having a weapon while under disability. Harris also argues that the trial court failed to inform

---

[1] The sentence for felonious assault was required to be mandatory since Harris had a prior conviction for aggravated robbery.

him of the effect that future felonies would have on his post-release control once he was released from prison for the instant offenses.

{¶ 9} "Crim.R. 11(C)(2)(a) provides that, before accepting a guilty plea, a court must '[d]etermin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *.' " *State v. Jones*, 2d Dist. Montgomery No. 24772, 2013-Ohio-119, ¶ 6. "The 'maximum penalty' includes any mandatory post-release control sanction[.]" *Id.* at ¶ 7. "Thus if the defendant will be subject to a period of post-release control, to comply with Crim.R. 11 the court must inform the defendant of post-release control." *Id.*

{¶ 10} "The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11." *State v. Jennings*, 2d Dist. Clark No. 2013 CA 60, 2014-Ohio-2307, ¶ 6, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. "However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements." *Id.*, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." (Citations omitted.) *Nero* at 108, 564 N.E.2d 474.

{¶ 11} "Furthermore, when non-constitutional rights are at issue, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect." *Jennings* at ¶ 7, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. "Prejudice in this context means that the plea would otherwise not have been entered." *Id.*

{¶ 12} As previously stated, Harris argues that his no contest pleas were not

entered knowingly, intelligently, and voluntarily because the trial court failed to inform him, at the plea hearing, that any prison sentence it imposed for his violating post-release control was required to be consecutive to his sentences for felonious assault and having a weapon while under disability. In that regard, R.C. 2929.141(A)(1) provides that a prison term imposed for a post-release control violation "shall be served consecutively to any prison term imposed for the new felony." In support of his argument Harris cites two cases that were previously decided by this Court, to wit: *State v. Branham,* 2d Dist. Clark No. 2013 CA 49, 2014-Ohio-5067, and *State v. Landgraf,* 2d Dist. Clark No. 2014 CA 12, 2014-Ohio-5448.

{¶ 13} In *Branham*, the defendant had been on post-release control when he engaged in gross sexual imposition (GSI). Branham pled guilty to the GSI charge. The plea form advised Branham that post-release control could be revoked and that any sentence for having violated post-release control "could be imposed consecutively" to the GSI sentence. *Branham* at ¶ 11. The trial court subsequently imposed consecutive sentences for the gross sexual imposition conviction and for the post-release control violation. The plea agreement in *Branham* also included the State's promise not to take any action on the post-release control violation.

{¶ 14} At the plea hearing, Branham acknowledged that he was on post-release control. The court inquired whether Branham had signed the plea form, had read and discussed it with his attorney before signing it, and had understood it; Branham stated that he had. The court explained to Branham that the State did not speak for the parole board when it agreed to take no action on the post-release control violation, and the court told Branham that it could still sentence him for the post-release control violation.

Branham stated that he understood.

{¶ 15} On appeal, Branham argued that the trial court erred in imposing consecutive sentences for the new felony and the post-release control violation. We agreed on the ground that the trial court had failed to inform Branham during the plea colloquy that, pursuant to the explicit language in R.C. 2929.141(A)(1), if it revoked his post-release control, the imposition of consecutive sentences for the violation was mandatory upon imposition of a prison term for the new felony. *Branham* at ¶ 12.

{¶ 16} In rejecting the State's assertion that the plea form adequately informed Branham that the court would impose consecutive sentences upon the termination of his post-release control, we stated as follows:

Significantly, although the plea form signed by Branham included a provision which informed him of the effect that his PRC violation could have on sentencing, it did not contain any language putting him on notice that consecutive sentences were mandatory upon a prison sentence on the GSI. Rather, the general provision in the plea form merely states that the trial court "could" impose consecutive sentences in the event of a violation of felony probation, parole, community control sanction, or post-release control from prison. The use of the word "could" in this context is misleading.

*Branham* at ¶ 13. We thus concluded that the trial court "not only should have told Branham that it was not bound by the State's recommendation, but also if a new prison term was imposed [on the gross sexual imposition] and the court elected to revoke his PRC, the time must be served consecutively. The trial court did not have the discretion to use the word 'could' as the language in the plea form suggests." *Id.* at ¶ 14.

{¶ 17} In *Landgraf*, we applied and followed *Branham*. The defendant in *Landgraf* pled guilty to felony theft of a motor vehicle. At that time, he was on post-release control for an earlier conviction. The plea form advised him that post-release control could be revoked and that any new sentence for having violated post-release control "could be imposed consecutively." Post-release control was not mentioned at the plea hearing. The trial court confirmed, however, that the defendant had reviewed the plea form and that he understood it. The trial court later imposed consecutive sentences for the felony theft conviction and for the post-release control violation.

{¶ 18} On appeal, we reversed the decision of the trial court, holding that before pleading guilty the accused must be notified that, pursuant to R.C. 2929.141, the trial court is authorized to impose an additional consecutive prison sentence for the post-release control violation, as well as inform the accused of the maximum possible sentence for such a violation. *Landgraf* at ¶ 23; *contrast State v. Welch*, 2017-Ohio-314, 81 N.E.3d 997, ¶ 12 (2d Dist.) (finding substantial compliance with Crim.R. 11(C)(2)(a), despite the trial court's failure to inform the defendant of the mandatory consecutive nature of any prison sentence it might impose for violating post-release control during the plea hearing, when the plea form explicitly informed Welch that his plea "may result in revocation proceedings" and that "any new sentence will be imposed consecutively.") We note that the trial court in the instant case did not impose an additional consecutive PRC prison sentence as the trial court did in both *Branham* and *Landgraf*.

{¶ 19} In *State v. Jones*, 2d Dist. Montgomery No. 24772, 2013-Ohio-119, we discussed whether the trial court had complied with Crim.R. 11 when it advised the

defendant of the correct term of post-release control and notified the defendant that the prison term for violation of post-release control could be "up to one half of the Court's stated prison term," but failed to notify the defendant about the nine-month-per-violation limitation for a violation of post-release control in R.C. 2943.032. We held that the trial court's notice substantially complied with Crim.R. 11. *Id.* at ¶ 8. We further concluded that the trial court's failure to mention the nine-month limitation did not render the defendant's plea other than knowing, intelligent, and voluntary. We reached this conclusion based on the following reasoning:

> Jones does not assert, let alone demonstrate, that he was prejudiced—that he would not have pleaded guilty had the trial court told him that the maximum possible prison term for a single violation of a post-release control condition is 9 months. We fail to see how this defendant, facing a potential of many years of re-incarceration for post release control violations, would have failed to enter his pleas if he knew those many years could only be imposed in nine month increments.

*Id.* at ¶ 11.

**{¶ 20}** More recently, we held in *State v. Redavide*, 2d Dist. Montgomery No. 26070, 2015-Ohio-3056, that a plea is not rendered invalid based on the trial court's failure to fully explain the sanctions that could be imposed for a post-release control violation. *Id.* at ¶ 19. We noted that "when the trial court substantially complies with the notice requirement of informing a defendant about post-release control sanctions, no error occurs without demonstrating that a fuller disclosure would have changed his decision to plead." *Id.*; *see Jones* at ¶ 11*; Jennings*, 2d Dist. Clark No. 2013 CA 60, 2014-Ohio-2307,

¶ 12.

{¶ 21} During the plea hearing, the following exchange occurred:

Defendant: Okay. My next question was, you're familiar with the 1,100 days that I supposedly had on parole time?

The Court: What about that?

Defendant: 1,100 days of PRC time that I had –

Defense Counsel: He's referring to the request made by the parole board to reimpose [sic] the 1,100 days that was remaining on PRC.

The Court: If the State wishes to ignore that, that's their prerogative.

Defendant: Well, was it a –

Defense Counsel: *And they are ignoring it.*

The Court: I mean, it's not mandatory. I don't have to – if the State don't [sic] want to pursue it, I don't have to do it.

* * *

The Court: Okay. And has Counsel made any promises or representations to your client other than what I read on the record here?

Defense Counsel: No, Your Honor. But there was one thing, I don't think we need to put on the plea form, but is that [sic] there will be no other charges out of this incident, particularly no intimidation of a witness charge.

The Court: What's the State's position on that?

The State: No objection, Your Honor. *And while we're at it, we might as well put that we are not pursuing time remaining on the PRC from his original case in 2009 either then.*

The Court: All right. I have written the following, tell me if this is okay. I've said, no other charges of intimidation will be filed as a result of this agreement, *and no imposition of Post Release Control time as a sentence will be imposed in this case.* Does that cover what you were talking about?

The State: Yes, Your Honor.

Defense Counsel: Yes, Your Honor.

The Court: Did you understand what I said?

Defendant: Yes, sir.

**{¶ 22}** At the end of the colloquy, the trial court accepted Harris' no contest plea and found him guilty. The trial court imposed the stipulated five-year prison sentence, imposing two years for the felonious assault and three years for having a weapon while under disability, ordering the sentences to be served consecutively. It is undisputed that the trial court did not inform Harris that if it imposed additional prison time for his PRC violation, the time would have to be served consecutive to his sentence for the felonious assault and having a weapon while under disability. However, pursuant to information contained in the Plea Agreement Report, the trial court did not impose any additional prison time for Harris' violation of his PRC from his 2009 conviction. We also note that the trial court orally informed Harris at the plea hearing that he would be subject to three years of mandatory PRC for the felonious assault conviction and up to three years of discretionary PRC for having a weapon while under disability.

**{¶ 23}** The Ohio Supreme Court has explicitly held that the requirement that the court inform a defendant of the maximum penalty for the offenses involved is a statutory

requirement, and has no constitutional basis. *State v. Johnson,* 40 Ohio St.3d 130, 133, 532 N.E.2d 1295 (1988). While strict compliance is the standard for constitutional Crim.R. 11 notifications, courts must only substantially comply in informing defendants of the non-constitutional notifications under Crim.R. 11. *State v. Veney,* 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, at ¶ 18. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. *Veney* at ¶ 15. Further, when non-constitutional aspects of the Crim.R. 11 colloquy are at issue, a defendant must show prejudice before a plea will be vacated. *Id.* Prejudice in this context requires that the defendant show that but for the error, there is a reasonable probability that the defendant would not have entered a plea of guilty. *Jennings* at ¶ 7*,* citing *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17*.*

{¶ 24} Where the trial court completely fails to comply with Crim.R. 11(C)(2)(a) or (b), "an analysis of prejudice" is not implicated. *State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224, ¶ 22. Here, we find *Sarkozy* distinguishable, because unlike where a trial court completely failed to mention post-release control during the plea colloquy, here the trial court only failed to inform Harris about its ability to terminate PRC and impose a mandatory consecutive sentence. In all other respects, the record establishes that the trial court went to great lengths during its Crim.R. 11 colloquy to insure that Harris was aware of the constitutional rights that he was waiving by pleading no contest to the charged offenses and to comply with the non-constitutional rights of Crim.R. 11.

{¶ 25} Although the record reflects that the trial court did not advise Harris of its

ability under R.C. 2929.141 to terminate PRC and impose a consecutive prison sentence, Harris has failed to present evidence that shows a reasonable likelihood that but for the trial court's non-advisement, he would not have entered no contest pleas and would have chosen to go to trial. Harris never mentions in his brief, or otherwise, that he would not have entered no contest pleas if he had known of the trial court's ability to terminate PRC and impose a mandatory consecutive sentence.

{¶ 26} Unlike the defendants in *Branham* and *Landgraf*, Harris was not ordered to serve an additional consecutive sentence for violating his PRC. Moreover, Harris was orally informed during the plea hearing and in his Plea Agreement Report that the State would not be requesting that the trial court impose an additional consecutive sentence for violating his PRC. The record establishes that before Harris pled no contest to felonious assault and having a weapon while under disability, the trial court expressed its intention to follow the parties' agreement and sentence him to the stipulated prison term of five years with no additional prison time for violating his PRC.

{¶ 27} We agree that notifying a defendant of the additional consecutive prison time he could face if the trial court exercises its authority under R.C. 2929.141 is certainly the preferred practice. However, under the circumstances presented in the instant case, Harris was not prejudiced in any way by the trial court's failure to advise him of its ability under R.C. 2929.141 to terminate PRC and impose a consecutive prison sentence. *See Redavide* at ¶ 19. Despite the trial court's failure to inform Harris of its ability under R.C. 2929.141 to terminate PRC and impose a consecutive prison sentence, we find that the trial court substantially complied with Crim.R. 11(C)(2)(a) when it accepted his no contest pleas, found him guilty, and sentenced him to the agreed upon prison term of five years.

**{¶ 28}** Furthermore, the record establishes that the trial court properly informed Harris that he would be subject to a period of mandatory PRC for the felonious assault and a discretionary period of PRC for having a weapon while under disability. In addition to informing Harris of PRC for the instant offenses, the trial court informed him of the consequences of violating his PRC once he was released. Therefore, we find that the trial court complied with Crim.R. 11 by informing Harris of PRC once he is released from prison for the instant offenses.

**{¶ 29}** Harris' sole assignment of error is overruled.

**{¶ 30}** Harris' sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, P.J. and TUCKER, J., concur.

Copies mailed to:

Nathaniel R. Luken
James S. Armstrong
Hon. Stephen A. Wolaver