[Cite as *State v. Reed*, 2018-Ohio-1944.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                          :
                                       :
        *Plaintiff-Appellee*           :        Appellate Case No. 27707
                                       :
v.                                     :        Trial Court Case No. 2015-CR-2792
                                       :
DERRICK REED, JR.                      :        (Criminal Appeal from
                                       :        Common Pleas Court)
        *Defendant-Appellant*          :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of May, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DERRICK REED, JR., Inmate No. 727-060, London Correctional Institution, P.O. Box 69, London, Ohio 43140
        Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Derrick Reed, Jr., appeals pro se from the judgment of the Montgomery County Court of Common Pleas overruling his motion to vacate or stay the execution of court costs. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On June 27, 2016, Reed pled guilty to three second-degree-felony counts of felonious assault. Thereafter, on July 13, 2016, the trial court sentenced Reed to an aggregate term of five years in prison with 411 days of jail time credit. The trial court also ordered Reed to pay court costs.[1] Three months later, on October 12, 2016, Reed moved to stay the execution of all court costs[2] until his release from prison or until he was no longer indigent. Reed, however, did not provide any information regarding his financial situation or an affidavit of indigency.

{¶ 3} On October 20, 2016, the trial court issued a decision overruling Reed's

---

[1] Court costs were imposed in the termination entry and, we presume, at the sentencing hearing, as a transcript of the sentencing hearing was not filed in this appeal requiring us to presume the regularity of the proceedings. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). In its appellate brief, the State mistakenly conceded that the trial court failed to include the imposition of court costs in the termination entry and suggested that the termination entry be corrected nunc pro tunc to reflect the imposition of court costs. The termination entry specifically provides that: "Court costs to be paid in full in an amount to be determined by the Montgomery County Clerk of Courts." Termination Entry (July 13, 2016), Montgomery County Court of Common Pleas Case No. 2015-CR-2792, Docket No. 79, p. 1. Accordingly, the State's concession is unfounded.

[2] While Reed's motion was denominated "Motion to Stay All Fines and Costs until Released from Prison," the record indicates no fines were imposed, only court costs.

motion to stay the execution of court costs. In so holding, the trial court indicated that it had reviewed Reed's presentence investigation report ("PSI") and considered his physical and mental health, employment experience, and education. The PSI provides that Reed has an 11th grade education and was enrolled in special education classes. The PSI also indicates that Reed was unemployed at the time of his sentencing, but that he had previously been employed by Kohl's Distribution, Church's Chicken, and Kroger. The PSI further indicates that Reed was 26 years old at the time of sentencing with no mental or physical health issues other than sickle cell anemia. In addition, the PSI noted that Reed has four children and two open cases with the Child Support Enforcement Agency; however, no information was provided concerning how much Reed pays for child support, if any, or whether he has any outstanding balances.[3]

{¶ 4} Based on the information in the PSI, the trial court found Reed was indigent, but that he had a future ability to pay court costs and a limited present ability to pay. The trial court also found that both the time left on Reed's sentence (3.5 years) and the amount of court costs he owed ($1,300) were moderate. In light of these considerations, the trial court stated that it would consider a motion for a reduced payment plan, but otherwise overruled Reed's motion to stay the execution of court costs.

{¶ 5} Instead of moving the trial court for a reduced payment plan or appealing the trial court's decision, approximately eight months later, Reed moved the trial court to either vacate court costs or stay the execution of court costs until he was released from prison. In support of his motion, Reed claimed that the trial court failed to impose court

---

[3] In his reply brief, Reed claims that $4.50 is taken out of his prison account a month for child support.

costs at his sentencing hearing and in the corresponding termination entry. Reed also claimed indigency on grounds that he only earned $18.00 per month from his prison job. According to Reed, his earnings were spent on basic hygiene and health products. Reed attached an affidavit of indigency averring the same, which states as follows:

> I, Derrick Reed Jr. am incarcerated at the London Correctional Institution located in London, Ohio. As a result of my conviction, I have no income other than my monthly State Pay from the State of Ohio in which is only $18.00 per month. That money is used to purchase my basic hygiene and health products. I therefore state that I am indigent and cannot afford to pay any legal fees associated in the instant case.

Affidavit of Indigency (July 25, 2017), Montgomery County Court of Common Pleas Case No. 2015-CR-2792, Docket No. 87.

{¶ 6} On August 9, 2017, the trial court issued a decision overruling Reed's motion to vacate or stay the execution of court costs. In its decision, the trial court found that it had imposed court costs at the sentencing hearing and noted that Reed could have objected to the costs at that time, but failed to do so. The trial court also noted that it had previously denied Reed's first motion to stay court costs, finding many of the factors supporting that decision still applied. The trial court further indicated that it considered Reed's present and future ability to pay court costs and recognized that Reed had a limited present ability to pay.[4]

{¶ 7} However, the trial court explained that although Reed's present ability to pay

---

[4] In finding that Reed had a limited present ability to pay court costs, the trial court indicated that it relied on the considerations that were previously addressed in its decision overruling Reed's October 12, 2016 motion to stay court costs.

was limited, it was not completely absent since Reed was "paying in installments." Decision and Entry Overruling Motion to Vacate and/or Remit Court Costs (Aug. 9, 2017), Montgomery County Court of Common Pleas Case No. 2015-CR-2792, Docket No. 88. The trial court then noted that the length of time left on Reed's sentence was moderate, and that the amount of court costs owed was "significant but not great." *Id.* As a result of these findings, the trial court once again indicated that it would consider a reduced payment plan, but overruled Reed's request to vacate or stay the execution of court costs.

{¶ 8} Reed now appeals from that decision, raising a single assignment of error for review.

## Assignment of Error

{¶ 9} Reed's sole assignment of error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO DEFER COURT COSTS.

{¶ 10} Under his single assignment of error, Reed contends that the trial court abused its discretion in failing to stay the execution of court costs until he is released from prison. Specifically, Reed claims that the trial court's decision was unreasonable because the garnishment of his prison account for court costs does not leave him with enough money to buy basic necessities such as soap, toothpaste, deodorant, and toilet paper. Reed does not raise any argument concerning the trial court's failure to vacate court costs; rather, his appeal focuses solely on his request to stay the execution of court costs.

{¶ 11} "Under R.C. 2947.23 a trial court is required to impose court costs against

all convicted defendants, even those who are indigent." *State v. Rosales*, 2d Dist. Montgomery No. 27117, 2018-Ohio-197, ¶ 25, citing *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. A trial court, however, "retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter." R.C. 2947.23(C). Also, "[i]f at any time the court finds that an amount owing to the court is due and uncollectible, in whole or in part, the court may direct the clerk of the court to cancel all or part of the claim." R.C. 2303.23.

{¶ 12} "A trial court has no duty to waive court costs; it has discretion whether to do so[.]" *State v. Fuller*, 2d Dist. Montgomery No. 25380, 2013-Ohio-3274, ¶ 18, citing *State v. Lux*, 2d Dist. Miami No. 2010 CA 30, 2012-Ohio-112, ¶ 47. Accordingly, a trial court's decision whether to waive or suspend court costs is reviewed for an abuse of discretion. *State v. Chase*, 2d Dist. Montgomery No. 26238, 2015-Ohio-545, ¶ 14. " 'Abuse of discretion' " has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id*. "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id*.

{¶ 13} In order for a reviewing court to determine whether the trial court abused its discretion, the trial court must provide an explanation of the reason(s) for its decision not to stay the execution of court costs. *Chase* at ¶ 15-18. This court has previously held

that "[a]lthough a trial court need not consider whether a defendant has a present or future ability to pay court costs when court costs are assessed, the trial court should consider the defendant's ability to pay when a defendant subsequently moves for a waiver, modification, or stay of the payment of court costs." *State v. Copeland*, 2d Dist. Montgomery No. 26842, 2016-Ohio-7797, ¶ 11. *Accord State v. Dunson*, 2d Dist. Montgomery No. 26990, 2016-Ohio-8365. We reached this conclusion despite there being no case law, statute, or regulation requiring a trial court to consider an incarcerated defendant's ability to pay when ruling on a post-judgment motion to waive or stay the payment of court costs. *See Copeland* at ¶ 25 (Hall, J., dissenting). That said, the issue as to whether a trial court is required to consider an inmate's present or future ability to pay court costs is currently pending before the Supreme Court of Ohio in *State v. Dunson*, Sup.Ct. Case No. 2017-0186.

**{¶ 14}** Regardless of the outcome of *Dunson*, the record in this case establishes that the trial court provided a reasonable explanation for its decision not to stay the execution of Reed's court costs. After considering Reed's background, the trial court found that his ability to pay court costs was limited, but not completely absent since he had been making installment payments through garnishment. We note that in order for Reed's prison account to be garnished, there must be some available balance from which to withdraw. Ohio Adm.Code 5120-5-03(D) provides that withdraws from prison accounts are authorized "as long as the account retains twenty-five dollars for inmate expenditures." In the affidavit of indigency attached to Reed's motion for stay of costs, Reed averred that he earns $18.00 a month in prison, but he failed to provide any information regarding the available balance in his prison account let alone whether it was

less than $25. Moreover, the record indicates that Reed received 411 days of jail time credit and served a full year in prison before the garnishment of his inmate wages began;[5] therefore, Reed was presumably earning inmate wages for two years prior to being garnished. Under these circumstances, it was reasonable for the trial court to find that Reed had the ability, albeit limited, to pay court costs by virtue of his garnishment payments.

{¶ 15} The trial court also explained that the amount of court costs Reed owed was "significant but not great" and that Reed had a moderate amount of time left on his prison sentence. The trial court further indicated that it was willing to consider a reduced payment plan. Because the trial court provided rational reasons for overruling Reed's motion to stay the execution of court costs and offered to consider a reduced payment plan, we do not find that the trial court's decision was an abuse of discretion.

{¶ 16} We further note that the trial court could have overruled the portion of Reed's July 13, 2017 motion requesting a stay of court costs on res judicata grounds, as Reed previously sought the same relief in his first motion filed on October 12, 2016, and did not appeal from the trial court's decision overruling it.[6] *See State v. Goodman*, 11th Dist. Trumbull No. 2014-T-0047, 2014-Ohio-4884, ¶ 18 (despite R.C. 2947.23(C) giving

---

[5] Reed was sentenced to prison on July 13, 2016, and he claims the garnishments on his prison account began in July 2017.

[6] Reed claimed for the first time on appeal that he did not receive a copy of the trial court's October 20, 2016 decision overruling his first motion for stay of court costs. He claimed that because no money was immediately taken from his prison account, he assumed the trial court had granted his first motion, but learned otherwise in July 2017, when he was notified that his account would in fact be garnished. Reed claimed he then filed the second motion to vacate or stay court costs since the time to appeal the trial court's decision on his first motion had expired.

the trial court continuing jurisdiction to modify the payment of court costs, defendant's motion requesting a payment plan for court costs was barred by res judicata because defendant had previously filed a motion requesting the same relief and did not appeal the trial court's decision denying it).

**{¶ 17}** Given that the trial court did not abuse its discretion in failing to stay the execution of court costs, Reed's sole assignment of error is overruled.

## Conclusion

**{¶ 18}** Having overruled Reed's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Derrick Reed, Jr.
Hon. Timothy N. O'Connell