**[Cite as *State v. Harris*, 2020-Ohio-3056.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-57 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-107 |
| | : | |
| TRAVONTE HARRIS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of May, 2020.

. . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
     Attorney for Plaintiff-Appellee

TRAVONTE HARRIS, Inmate No. 733-495, London Correctional Institution, P.O. Box 69, London, Ohio 43140
     Defendant-Appellant, Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Travonte Harris, appeals pro se from a judgment of the Greene County Court of Common Pleas denying his motion to waive or stay the imposition of court costs. For the reasons outlined below, the judgment of the trial court will be reversed, and the matter will be remanded for further proceedings consistent with this opinion.

**Facts and Course of Proceedings**

{¶ 2} On March 10, 2017, Harris pled no contest to one count of felonious assault in violation of R.C. 2903.11(A)(2) and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2). The trial court accepted Harris's no contest pleas and found him guilty of both charges. After finding Harris guilty, the trial court sentenced him to a total of five years in prison and ordered him to pay court costs.

{¶ 3} In the sentencing entry, the trial court stated that it had considered Harris's present and future ability to pay financial sanctions, and that Harris would not be required to pay a fine or restitution. However, with regard to court costs, the trial court noted that if Harris failed to pay the costs, the court may order him to perform community service until the costs were paid or until the court was satisfied that Harris was in compliance with a payment schedule. The record indicates that Harris owed $1,037 in court costs.

{¶ 4} On March 24, 2017, Harris appealed from his conviction. In support of his appeal, Harris challenged the knowing, intelligent, and voluntary nature of his no contest plea. This court, however, found that Harris's plea was valid and affirmed his conviction. *See State v. Harris*, 2d Dist. Greene No. 2017-CA-19, 2017-Ohio-8419.

{¶ 5} While Harris's appeal was pending, on September 11, 2017, Harris wrote and

filed a letter to the Greene County Clerk of Courts advising that he had recently learned that the funds in his prison account were going to be garnished. In the letter, Harris requested the Clerk of Courts to advise the prison not to proceed with the garnishment because, according to Harris, the trial court had waived all fines, restitution, and court costs.

{¶ 6} After this court affirmed Harris's conviction, on December 18, 2017, the trial court issued a judgment entry addressing the claims in Harris's letter. In doing so, the trial court treated Harris's letter as a pro se motion to waive court costs. The trial court denied the motion and stated the following in its judgment entry:

> This matter is before the Court upon the Defendant's Motion to Waive Fines and Costs. The Court does not find the Motion well-taken and the same is DENIED. However, the Defendant may perform above [sic] up to 40 hours per month community service at the direction of the institution's staff to be credited toward the payment of costs at an hourly rate equal to the Federal Minimum Wage.

Judgment Entry (Dec. 18, 2017).

{¶ 7} Four months later, the trial court issued a judgment entry crediting Harris for 19 hours of community service that he performed in November 2017 and January 2018. In doing so, the trial court reduced the amount of court costs Harris owed by $137.75. Over the next two months, Harris filed two pro se motions seeking additional credit for community service that he allegedly performed. The trial court never ruled on those motions.

{¶ 8} On May 31, 2019, Harris filed a pro se motion to waive or stay court costs

with an accompanying affidavit of indigency. In support of his motion, Harris claimed that he earned $18 per month working his job assignment in prison. From those earnings, Harris claimed that he was required to pay for his medication and personal hygiene supplies. Harris also claimed that he had to pay a $2.00 copay for any medical attention he received while in prison. According to Harris, paying court costs on top of these expenses "fall[s] below contemporary standards of human decency." Harris also argued that because the trial court had not collected a payment from him "in well over a year," it is highly unlikely that his court costs will ever be collected and therefore should be deemed uncollectible and waived under R.C. 2303.23. As an alternative to waiving or staying his court costs, Harris requested that the trial court permit him to pay $3.00 per month toward the amount owed.

{¶ 9} On August 27, 2019, the trial court issued a judgment entry denying Harris's motion to waive or stay court costs. The judgment entry stated only the following:

> This matter is before the Court on Defendant's Motion to Vacate/Waive or Grant a Stay on Court Costs and Fines, filed May 31, 2019. In support of his motion, Harris has attached an affidavit of indigency, and has stated a superior need to purchase hygienic and medical supplies. Indeed, this Court was aware of the Defendant's indigent status and considered his present and future ability to pay financial sanctions when court costs were imposed. Therefore, the Defendant's request that court costs be vacated is not-well taken and is DENIED in its entirety. The Defendant may, however, perform community service at the direction of the institution's staff to be credited toward the payment of court costs at an

hourly rate equal to the Federal Minimum Wage.

Judgment Entry (Aug. 27, 2019).

{¶ 10} Harris now appeals from the trial court's decision denying his motion to waive or stay court costs, raising two assignments of error for review.

**First Assignment of Error**

{¶ 11} Under his first assignment of error, Harris contends that the trial court erred by denying his motion to waive or stay court costs without first considering his present or future ability to pay the court costs imposed.   We agree.

{¶ 12} Pursuant to R.C. 2947.23(A)(1)(a), a trial court is required to impose court costs against all convicted defendants, even those who are indigent.   *State v. Snowden,* 2019-Ohio-3006, 140 N.E.3d 1112, ¶ 90 (2d Dist.); *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8.   However, a trial court retains jurisdiction to waive, suspend, or modify court costs at the time of sentencing or at any time thereafter. R.C. 2947.23(C); *State v. Tucker*, 2d Dist. Montgomery No. 27694, 2019-Ohio-652, ¶ 23.

{¶ 13} If the defendant makes a motion to waive court costs, it is within the trial court's discretion whether to grant the motion.   *Tucker* at ¶ 23, citing *State v. Hawley*, 2d Dist. Montgomery No. 25897, 2014-Ohio-731, ¶ 13.   (Other citations omitted.) Therefore, we review a trial court's decision on whether to waive court costs for an abuse of discretion.   *State v. Reed*, 2d Dist. Montgomery No. 27707, 2018-Ohio-1944, ¶ 12. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary."   (Citation omitted.)   *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

{¶ 14} This court has held that, "[a]lthough a trial court need not consider whether a defendant has a present or future ability to pay court costs when court costs are assessed, the trial court should consider the defendant's ability to pay when a defendant subsequently moves for a waiver, modification, or stay of the payment of court costs." *State v. Copeland*, 2d Dist. Montgomery No. 26842, 2016-Ohio-7797, ¶ 11. Furthermore, "[i]n order for a reviewing court to determine whether the trial court abused its discretion, the trial court must provide an explanation of the reason(s) for its decision not to stay the execution of court costs." (Citation omitted.) *Reed* at ¶ 13.

{¶ 15} In *State v. Dunson*, 2d Dist. Montgomery No. 26990, 2016-Ohio-8365, and *State v. Taylor*, 2d Dist. Montgomery No. 27539, 2018-Ohio-1649, this court concluded that the trial court abused its discretion by denying a defendant's motion to waive the payment of court costs without considering the defendant's indigency and ability to pay. *Dunson* at ¶ 8-14; *Taylor* at ¶ 17-19. Similarly, in *State v. Sibrian*, 2d Dist. Montgomery No. 27964, 2019-Ohio-1262, this court concluded that the trial court abused its discretion by denying a defendant's motion to vacate court costs without providing an explanation of the reasons why it decided to deny the motion. *Id.* at ¶ 14-17. We found that the trial court's failure to provide such an explanation prevented this court from performing a meaningful appellate review. *Id.*

{¶ 16} The Supreme Court of Ohio has accepted review of our holdings in *Dunson*,[1] *Taylor,* and *Sibrian*. *See State v. Dunson,* 150 Ohio St.3d 1442, 2017-Ohio-

---

[1] The Supreme Court recently vacated its original decision reversing this court's holding in *Dunson* and reinstated the appeal. *See State v. Dunson,* 157 Ohio St.3d 1502, 2019-Ohio-4768, 134 N.E.3d 1227.

7843, 82 N.E.3d 1175*; State v. Taylor,* 153 Ohio St.3d 1467, 2018-Ohio-3450, 106 N.E.3d 65; *State v. Sibrian,* 156 Ohio St.3d 1476, 2019-Ohio-3148, 128 N.E.3d 232.   In *Dunson* and *Taylor*, the Supreme Court was asked to review whether a trial court is required to consider an inmate's present or future ability to pay court costs when ruling on a post-conviction motion to waive costs.   *See State v. Dunson*, Memorandum in Support of Jurisdiction, Ohio Sup. Ct. Case No. 2017-186; *State v. Taylor*, Memorandum in Support of Jurisdiction, Ohio Sup. Ct. Case No. 2018-797.   Similarly, in *Sibrian* the Supreme Court was asked to review whether a trial court is required to consider an inmate's present or future ability to pay court costs and to explain its reasoning when ruling on a post-conviction motion to waive costs.   *See State v. Sibrian,* Memorandum in Support of Jurisdiction, Ohio Sup. Ct. Case No. 2019-697.   The Supreme Court's decision on those matters is currently pending.[2]   Therefore, until the Supreme Court directs otherwise, we will follow the doctrine of stare decisis and continue to follow our holdings in *Dunson, Taylor,* and *Sibrian.*

{¶ 17} In this case, when ruling on Harris's motion to waive or stay court costs, the trial court did not indicate that it had considered Harris's present or future ability to pay the court costs imposed at the time it ruled on the motion.   The trial court also did not explain its reasons for denying Harris's motion.   In light of those deficiencies, the State concedes that the trial court's judgment denying Harris's motion to waive or stay court costs should be reversed and remanded to the trial court for purposes of making the

---

[2] The Supreme Court has stayed the proceedings on *Sibrian* and *Dunson* for purposes of awaiting its decision in *Taylor*.   *See Sibrian,* 156 Ohio St.3d 1476, 2019-Ohio-3148, 128 N.E.3d 232; *Dunson*, 157 Ohio St.3d 1502, 2019-Ohio-4768, 134 N.E.3d 1227.

appropriate considerations and to provide an explanation for its decision. Based on our holdings in *Dunson*, *Taylor*, and *Sibrian*, we agree. Therefore, because the trial court failed to consider Harris's present and future ability to pay court costs and failed to explain its reasons for denying Harris's motion to waive or stay court costs, we find that the trial court abused its discretion in denying Harris's motion.

**{¶ 18}** Harris's first assignment of error is sustained.

## Second Assignment of Error

**{¶ 19}** Under his second assignment of error, Harris contends that pursuant to R.C. 2303.23, the trial court should have waived his court costs because they are uncollectable. Harris asserts that the court costs are uncollectable because the trial court has not collected a payment from him "in years" and because it is "highly unlikely that the trial court will ever receive the court costs owed[.]" We do not find Harris's argument to be persuasive.

**{¶ 20}** R.C. 2303.23 provides that: "If at any time the court finds that an amount owing to the court is due and uncollectible, in whole or in part, the court may direct the clerk of the court to cancel all or part of the claim." As previously noted, we review the trial court's decision to grant or deny a waiver of court costs for an abuse of discretion. *Reed*, 2d Dist. Montgomery No. 27707, 2018-Ohio-1944 at ¶ 12.

**{¶ 21}** R.C. 5120.133(A) "permits the Department of Rehabilitation and Correction to deduct payments toward a certified judgment from a prisoner's account without any other required proceeding in aid of execution[.]" *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 13. Such deductions may be made so long as the

prisoner's account retains a balance of $25 for inmate expenditures. Ohio Adm. Code 5120-5-03(D).

{¶ 22} In this case, Harris admitted to having a job assignment in prison that pays $18 a month. Therefore, in the event that Harris's prison account ever accumulates a balance over $25, the account can be garnished to pay Harris's court costs. Furthermore, the trial court advised Harris that he can pay off his court costs by performing community service. The record indicates that Harris has exercised that option in the past and has had his court costs reduced by $137.75. Because there are at least two methods by which it would be possible for the trial court to collect court costs from Harris, we do not find that the trial court abused its discretion in failing to find that Harris's court costs were uncollectable for purposes of granting a waiver of the costs under R.C. 2303.23.

{¶ 23} Harris's second assignment of error is overruled.

## Conclusion

{¶ 24} Having sustained Harris's first assignment of error, the judgment of the trial court is reversed and the matter is remanded for the trial court to reconsider Harris's motion to waive or stay court costs in a manner consistent with this opinion.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Marcy A. Vonderwell
Travonte Harris
Hon. Stephen Wolaver