[Cite as *State v. Little*, 2011-Ohio-3286.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

|                                                   |   |                                              |
|---------------------------------------------------|---|----------------------------------------------|
|                                                   | : |                                              |
| STATE OF OHIO                                     |   |                                              |
|     Plaintiff-Appellee        | : | C.A. CASE NO. 2010-CA-38                     |
|                                                   |   |                                              |
| vs.                                               | : | T.C. CASE NO. 2007-CR-867                    |
|                                                   |   |                                              |
|                                                   | : | (Criminal Appeal from                        |
| ADRIAN LITTLE                                     |   | Common Pleas Court)                          |
|     Defendant-Appellant       | : |                                              |

. . . . . . . . .

## O P I N I O N

Rendered on the 30th day of June, 2011.

. . . . . . . . .

Stephen K. Haller, Atty. Reg. No. 0009172, Stephanie Hayden, Atty. Reg. No. 0082881, Assistant Prosecutor, 55 Greene Street, Xenia, OH 45385
    Attorneys for Plaintiff-Appellee

Adrian Little, DCI, 4104 Germantown Street, P.O. Box 17249, Dayton, OH 45417
    Defendant-Appellant, Pro Se

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Adrian Little, appeals from a final judgment that merged some but not all multiple conspiracy offenses to which he pled guilty, and imposed separate, consecutive sentences for the unmerged offenses.

{¶ 2} The facts of this case were set forth in our prior decision in Defendant's direct appeal in *State v. Little*, Greene App. No. 2008-CA-76, 2009-Ohio-4328, at ¶4-5, 41-43:

{¶ 3} "Little was charged by indictment with one count of Engaging in a Pattern of Corrupt Activity, in violation of R.C. 2923.01(A)(1); with one count of Conspiracy to Commit the Offense of Engaging in a Pattern of Corrupt Activity, in violation of R.C. 2923.01(A)(2); with two counts of Conspiracy to Commit the Offense of Trafficking in Cocaine, in violation of R.C. 2923.01(A)(1) and R.C. 2925.03(A)(1); and with two counts of Conspiracy to Commit the Offense of Trafficking in Heroin, in violation of R.C. 2923.01(A)(1) and R.C. 2925.03(A)(1). One of the Conspiracy to Commit the Offense of Trafficking in Cocaine counts, being Count 5 of the indictment, included four forfeiture specifications, alleging that various items were used or intended to be used in the commission of the offense, so that they were subject to forfeiture.

{¶ 4} "In April, 2008, Little appeared in open court, and entered pleas of guilty to the four counts of Conspiracy to Commit Trafficking, and to the forfeiture specifications. Pursuant to a plea bargain, the State dismissed the other two counts, and both parties informed the trial court that there was an agreed sentence of twelve years. The maximum possible sentence on each count was

eight years, and the trial court informed Little that the maximum possible sentence on the counts to which he was tendering his plea was 32 years.

{¶ 5} "* * *

{¶ 6} "After a full plea colloquy, Little's guilty pleas to the four conspiracy counts were accepted, and the matter was set for hearing at a later date.  No pre-sentence investigation was ordered.  At no point did Little, the State, or the trial court, raise the issue of any possible merger of the four conspiracy counts to which Little pled guilty.

{¶ 7} "At the sentencing hearing, Little was sentenced to six years on each count.  The sentences on Counts III and VI, which involved Conspiracy to Commit Trafficking in Heroin, but over different periods of time, were ordered to be served concurrently.  And the sentences on Counts IV and V, which involved Conspiracy to Commit Trafficking in Cocaine, but over different periods of time, were also ordered to be served concurrently.  But the two pairs of concurrent six-year sentences were ordered to be served consecutively, making an aggregate sentence of twelve years, as agreed.  The time periods specified in Counts III and IV of the indictment, while involving different drugs, were the same; and the time periods specified in Counts V and VI of the indictment, while involving different drugs, were the same, although different

from the time periods specified in Counts III and IV.

{¶ 8} "The trial court ordered the property forfeited, as previously agreed. No fine was imposed."

{¶ 9} Defendant timely appealed to this court from his conviction and sentence. On direct appeal we concluded that the trial court committed plain error when it entered convictions on all four conspiracy counts without first determining whether those counts must be merged pursuant to R.C. 2923.01(F). Id. at ¶3, 47-53. We reversed the judgment of the trial court and remanded the matter for further proceedings. We stated: "Upon remand, the trial court is directed to hold a hearing on the issue of whether any two or more of the conspiracy offenses to which Little has pled guilty must be merged." Id. at ¶53.

{¶ 10} On April 2, 2010, the trial court held the merger hearing pursuant to our remand. The parties stipulated that Counts III and IV are part of the same conspiracy and must merge with each other, and that Counts V and VI are part of the same conspiracy and must merge with each other. The only remaining issue to be decided was whether the conspiracy at issue in Counts III and IV must merge with the conspiracy at issue in Counts V and VI. One witness testified at that hearing, Detective Craig Polston, of the Greene County ACE Drug Task Force. Defendant presented no witnesses.

{¶ 11} After considering the testimony and the arguments of counsel, the trial court concluded that Counts III and IV are not part of the same agreement or conspiratorial relationship in Counts V and VI. Accordingly, they are not required to be merged pursuant to R.C. 2923.01(F). *State v. Childs*, 88 Ohio St.3d 558, 2000-Ohio-425. The court sentenced Defendant to consecutive six year prison terms on Counts III and V, for a total sentence of twelve years, which is consistent with the parties' plea agreement. No sentences were imposed on Count IV or Count VI.

{¶ 12} Defendant has once again appealed to this court from the trial court's judgment.

<u>FIRST ASSIGNMENT OF ERROR</u>

{¶ 13} "WITH STIPULATION OF MERGING COUNTS PRIOR TO MERGER HEARING, TRIAL COURT ERRED BY INFORMING APPELLANT AT CHANGE OF PLEA HEARING THE MAXIUM [SIC] SENTENCE WOULD BE 32 YEARS CREATING U.S. AND STATE CONSTITUTION VIOLATIONS WHEREFORE MAKING SENTENCE NULLITY & VOID & AT ODD WITH CRIMINAL RULE 11(C)(2) MORELESS INVOLUNTARY PLEA VIA ACTUAL PREJUDICE."

{¶ 14} Defendant complains that the trial court incorrectly advised him at the time he entered his guilty pleas that the aggregate maximum sentence he faced was thirty two years, the maximum sentence on each of the four counts being eight years, when the merger of two of those offenses permitted a maximum term

of but sixteen years. This claim was previously raised by Defendant in his direct appeal and was rejected by this court. *Little*, at ¶60. Res judicata bars Defendant from now relitigating that issue in a subsequent appeal. *State v. Perry* (1967), 10 Ohio St.2d 175.

{¶ 15} Defendant's first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 16} "TRIAL COURT ERRED BY NOT MERGING CONSPIRACY COUNTS IN SINGLE INDICTMENT PURSUANT TO STATE V. CHILDS (200) [SIC], 88 Ohio St.3d 528 & OHIO R.C. 2941.09 WHEN THE SAME OBJECT AGREEMENT WAS THE FORECAST."

{¶ 17} R.C. 2923.01(F) imposes limitations upon multiple punishments for related conspiracy offenses. In *State v. Childs*, 88 Ohio St.3d 558, 2000-Ohio-425, the Supreme Court stated, at 562:

{¶ 18} "R.C. 2923.01(F) prohibits multiple convictions for single conspiracies. That section provides: 'A person who conspires to commit more than one offense is guilty of only one conspiracy, when the offenses are the object of the same agreement or continuous conspiratorial relationship.'

{¶ 19} "Pursuant to this statute, analysis of whether conspiracy offenses are separately punishable under R.C. 2923.01(F) requires a determination as to (1) whether the offenses

are the object of the same agreement, and (2) whether the offenses are part of a continuous conspiratorial relationship.  If either circumstance exists, the offenses constitute one conspiracy and may not be separately punished."

{¶ 20} Defendant argues that the trial court erred in finding that the conspiracy at issue in Counts III and IV was not part of the same conspiratorial relationship at issue in counts V and VI, and in failing to merge those offenses into a single conspiracy conviction pursuant to R.C. 2923.01(F).

{¶ 21} The conspiracy offenses in Counts III and IV occurred during  the time from frame September 1, 2006 through April 17, 2007.  The conspiracy offenses in Counts V and VI occurred during the time frame from December 1, 2007 through December 19, 2007.  While Defendant remained a drug dealer throughout the relevant time periods, and his purpose was the same, to obtain large quantities of heroin and cocaine to sell, his conspiratorial relationships changed during that time period.

{¶ 22} Between September 1, 2006 and April 17, 2007, there existed an agreement between Defendant and Caesar Lopez-Ruiz for the distribution of heroin and cocaine.

{¶ 23} On or about April 17, 2007, Lopez-Ruiz was arrested by the Greene County ACE Task Force, and he remained incarcerated thereafter.  Defendant was forced in December 2007 to seek out

a new drug supplier. As a result, on December 19, 2007, Defendant attempted to purchase large quantities of heroin and cocaine in what turned out to be an undercover drug sting by the ACE Task Force. Defendant's involvement was the product of his relationship with another drug dealer and a confidential informant, neither of whom were connected to or working for Lopez-Ruiz's enterprise.

{¶ 24} We agree with the trial court that the agreement and events that occurred in December 2007 and involved Defendant and the ACE Task Force, Counts V and VI, are separate and distinct from and have no nexus to the agreement and events between Defendant and Lopez-Ruiz and others from that enterprise between September 2006 and April 2007, Counts III and IV. As the trial court found, this was not the same continuous conspiratorial relationship. Because the conspiracy offenses in Counts III and V, on which sentences were imposed, are not the object or part of the same agreement or the same continuous conspiratorial relationship, they may be separately punished. R.C. 2923.01(F); *Childs*. The trial court did not err in imposing separate sentences on Counts III and V.

{¶ 25} Defendant's second assignment of error is overruled.

{¶ 26} In a document titled "Amended Assignments of Error," Defendant complains that the trial court erred by denying his

request for grand jury transcripts.  Defendant first requested such material in a motion filed October 21, 2008, six months after he was convicted and sentenced.  The trial court denied Defendant's request for grand jury transcripts on July 14, 2010.  This issue, which could have been raised by Defendant at trial or on direct appeal, but was not, is now barred by res judicata.  *State v. Perry* (1967), 10 Ohio St.2d 175.  In any event, Defendant has failed to demonstrate a particularized need for the grand jury transcripts required for disclosure.  *State v. Greer* (1981), 66 Ohio St.2d 139, at syllabus.

{¶ 27} This assignment of error is overruled.  The judgment of the trial court will be affirmed.


HALL, J. and DONOFRIO, J. concur.

(Hon. Gene Donofrio, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)


Copies mailed to:

Stephanie R. Hayden, Esq.
Adrian Little
Hon. Stephen A. Wolaver