**[Cite as *State v. West*, 2020-Ohio-6647.]**

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 2020-CA-22 and |
| | : | 2020-CA-24 |
| v. | : | |
| | : | Trial Court Case No. 2015-CR-129 |
| THOMAS M. WEST | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 11th day of December, 2020.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

THOMAS M. WEST, Inmate No. 720-823, Marion Correctional Institution, P.O. Box 57, Marion, Ohio 43301
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} In this consolidated appeal, Thomas M. West appeals from three post-conviction judgments of the Greene County Court of Common Pleas. We affirm the judgments of the trial court.

{¶ 2} West was indicted on February 27, 2015 on two counts of felonious assault in violation of R.C. 2903.11(A)(2), with firearm specifications, two counts of having weapons while under disability in violation of R.C. 2923.13(A)(2), and one count of tampering with evidence in violation of R.C. 2921.12(A)(1). The indictment also contained a forfeiture specification. In November 2015, following a jury trial, West was convicted of one count of felonious assault with a firearm specification, both counts of having weapons while under disability, and the count of tampering with evidence. The State dismissed the forfeiture specification. The court sentenced West to an aggregate prison term of seven years. *Id.* A full recitation of the lengthy proceedings that led to West's conviction is set forth in *State v. West*, 2d Dist. Greene No. 2015-CA-72, 2017-Ohio-7521 (affirming West's conviction on direct appeal).

{¶ 3} On March 19, 2020, West filed pro se motions to waive court costs and "for matters occurring before the grand jury." On April 23, 2020, in two separate judgments, the trial court denied these motions. On May 20, 2020, West filed a pro se "Motion to Adjudicate Legitimacy of the Allege [sic] Indictment"; on May 26, 2020, the trial court denied this motion.

{¶ 4} We will first address West's arguments in Greene App. No. 2020-CA-22, which relates to the first two judgments. He raises two assignments of error. West's first assignment of error is:

THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION,

IN DENYING APPELLANT'S MOTION TO WAIVE COURT COSTS, AFTER DETERMINING APPELLANT'S INABILITY TO PAY COURT COSTS AND THEN, IMPOSING COMMUNITY SERVICE, TO PAY THE COURT COSTS IMPOSED BY THE TRIAL COURT.

{¶ 5} In his motion to waive court costs, West directed the trial court's attention to *State v. Braden*, 158 Ohio St.3d 462, 2019-Ohio-4204, 145 N.E.3d 235, and argued that *Braden* "reversed 'all' the Ohio Supreme Court's decisions" announced prior to the enactment of R.C. 2947.23(C). *Braden* determined in part that "R.C. 2947.23(C) specifically says that the trial court 'retains jurisdiction' to waive court costs 'at the time of sentencing or at any time thereafter.' To that end, the statute specifically provides an exception to res judicata when a defendant did not request waiver at sentencing or challenge his court costs on direct appeal." *Id.* at ¶ 23.

{¶ 6} In denying West's motion to waive court costs, the trial court noted that West claimed to be indigent and considered West's ability to pay court costs. The court then denied the motion to waive court costs but determined that it would allow West "to perform community service at the direction of the institution's staff to be credited toward the payment of court costs at an hourly rate equal to the Federal Minimum Wage."

{¶ 7} As this Court has noted:

If the defendant makes a motion to waive court costs, it is within the trial court's discretion whether to grant the motion. [*State v. Tucker*, 2d Dist. Montgomery No. 27694, 2019-Ohio-652] at ¶ 23, citing *State v. Hawley*, 2d Dist. Montgomery No. 25897, 2014-Ohio-731, ¶ 13. (Other citations omitted.) Therefore, we review a trial court's decision on whether to waive

court costs for an abuse of discretion. *State v. Reed*, 2d Dist. Montgomery No. 27707, 2018-Ohio-1944, ¶ 12. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

*State v. Harris*, 2d Dist. Greene No. 2019-CA-57, 2020-Ohio-3056, ¶ 13.

{¶ 8} West argues on appeal that the trial court "lacked authority" to order him to perform community service as a result of his failure to pay court costs, as court costs are "a civil debt," and "ordering a party to work to pay off court costs [runs] afoul of Ohio Constitution, Article 1 § 15." He cites *Galluzzo v. Galluzzo*, 2d Dist. Champaign No. 2012-CA-14, 2013-Ohio-3647, in support of his argument. In *Galluzzo*, we concluded that the trial court had erred in employing a contempt proceeding to collect a civil judgment and "lacked authority to order [Galluzzo] to perform community service." *Id.* at ¶ 8; *see also Dibert v. Carpenter*, 2d Dist. Champaign No. 2017-CA-17, 2018-Ohio-1054, ¶ 45. Because the trial court herein did not employ a contempt proceeding to collect court costs, we conclude that *Galluzzo* is inapplicable.

{¶ 9} R.C. 2947.23(A)(1)(a) provides: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." R.C. 2947.23(C) provides: "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter." "Thus, there is no limit on when a defendant can move for a

waiver of costs." *West* at ¶ 31.

{¶ 10} In *State v. Taylor,* Ohio Slip Opinion No. 2020-Ohio-3514, __ N.E.3d __, the Ohio Supreme Court recently considered the issue of court costs. It held that "a trial court is not required to consider the defendant's ability to pay in assessing a motion to waive, suspend, or modify court costs under R.C. 2947.23(C), though it is permitted to do so." *Id.* at ¶ 17. The Court further noted that "the imposition of court costs is civil in nature, and under Article 1, Section 15 of the Ohio Constitution, a person cannot be imprisoned for his failure to pay a civil debt." *Id.* at ¶ 21, citing *Strattman v. Studt*, 20 Ohio St.2d 95, 102, 253 N.E.2d 749 (1969).

{¶ 11} *Taylor* further noted that a court may require a defendant to perform community service in lieu of monetary payments toward the debt, but it may do so only "if, after a hearing, it determines that community service would be 'appropriate.' " *Taylor* at ¶ 22, citing R.C. 2947.23(B). According to the court, "[t]hat additional safeguard prevents a court from imposing community service on those who plausibly cannot pay off the debt through that sort of work, e.g., because they are very elderly * * *." *Id.*

{¶ 12} West raised the issue of court costs in his direct appeal. He also filed a pro se motion to vacate court costs in March 2016, in which he asserted that the clerk of the Common Pleas Court had certified "a complete itemized bill of costs" and had started collections against his "inmate [Department of Rehabilitation and Correction] personal trust account." The trial court denied that motion, finding that, pursuant to R.C. 5120.133[1] and Ohio Adm.Code 5120-5-03, "funds to satisfy judgment can be withdrawn

---

[1] "(A) The department of rehabilitation and correction, upon receipt of a certified copy of the judgment of a court of record in an action in which a prisoner was a party that orders a prisoner to pay a stated obligation, may apply toward payment of the obligation money

from a prisoner's account to pay a stated obligation."

{¶ 13} As the State points out in its brief, the trial court did not order or compel West to perform community service; it merely stated that it would allow him to do so. The court indicated that it had considered West's ability to pay (although it was not required to do so). No abuse of discretion is apparent in the trial court's denial of West's motion to waive costs.

{¶ 14} West's first assignment of error is overruled.

{¶ 15} West's second assignment of error in Greene App. No. 2020-CA-22 is:

THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION, IN FINDING THAT THE APPELLANT DID NOT SHOW A PARTICULARIZED NEED, WHERE CRIM.R. 6(E), UNEQUIVOCALLY PROVIDES, A DEFENDANT ONLY NEEDS TO SHOW THAT GROUNDS "MAY EXIST" FOR A MOTION TO DISMISS THE INDICTMENT BECAUSE OF MATTERS OCCURRING BEFORE THE GRAND JURY.

{¶ 16} In his motion for information about the grand jury proceedings, West asserted:

The showing that grounds **may exist** is established by (1.) the allege [sic] victim **did not** testify before the grand jury and only limited and

_____

that belongs to a prisoner and that is in the account kept for the prisoner by the department. The department may transmit the prisoner's funds directly to the court for disbursement or may make payment in another manner as directed by the court. Except as provided in rules adopted under this section, when an amount is received for the prisoner's account, the department shall use it for the payment of the obligation and shall continue using amounts received for the account until the full amount of the obligation has been paid. No proceedings in aid of execution are necessary for the department to take the action required by this section."

pertinent **hearsay evidence** was presented to the grand jury in order to obtain the alleged indictment in this case, with such **hearsay evidence** being advanced by Mr. West as being completely fabricated and false, as raised by Mr. West in open court on April 23, 2015.

* * *

(2.) [The prosecutor], procured **hearsay** testimony from Deputy Jason Davis, before the grand jury, that Thomas M. West "**Struck**" the allege [sic] victim in head with a gun * * * and then "**Struck**" her again with the gun. * * *

{¶ 17} In overruling West's motion, the trial court noted that this was not the first motion West had filed pertaining to grand jury transcripts: on July 16, 2015, West filed a "Motion for a Pretrial Copy of the Transcript of the Grand Jury Proceedings," which the trial court denied because he "had failed to demonstrate a sufficient particularized need for the transcripts; on September 2, 2015, West filed a motion for the trial court to reconsider its decision regarding the grand jury transcripts and "challenging grand jury process," which the trial court denied; and on April 20, 2018, West filed a motion for new trial, including a request to inspect the grand jury transcripts, which the trial court denied.

{¶ 18} The trial court reasoned:

To the extent that West seeks to raise an argument based on defects in the indictment as a result of the evidence received by the grand jury, West was required to raise that objection prior to trial. * * *

West has clearly filed the instant motion many years after the trial was held in this case. Therefore based upon the plain language of Crim.R.

12(H), West has waived any objection or defense based upon alleged defects in the indictment. Moreover, West timely appealed his conviction and sentence, which were affirmed by the Second District Court of Appeals on September 13, 2017. To the extent that West seeks to raise an alleged defect that occurred prior to trial, West should have raised that issue in his direct appeal. The doctrine of res judicata bars [West] from raising an alleged trial error in a subsequent appeal.

Additionally, this Court notes that this case is closed and appeals are completed. This Court has no current jurisdiction in this case. Even if it did, West has not shown a particularized need for the Grand Jury transcripts at this time. * * *

{¶ 19} Crim.R. 12(H) provides: "Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial, * * * or prior to any extension of time made by the court, shall constitute waiver of the defenses or objections, but the court for good cause shown may grant relief from the waiver."

{¶ 20} The issue of grand jury transcripts, which could have been raised by Defendant at trial or on direct appeal, but was not, is barred by res judicata. *State v. Little*, 2d Dist. Greene No. 2010-CA-38, 2011-Ohio-3286, ¶ 26, citing *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *Perry* at

paragraph nine of the syllabus. West has also failed to demonstrate a particularized need for disclosure of the grand jury transcripts. *Little* at ¶ 26, citing *State v. Greer*, 66 Ohio St.2d 139, 420 N.E.2d 982 (1981), syllabus.[2]

**{¶ 21}** West was not entitled to the grand jury transcripts, and his second assignment of error is overruled.

**{¶ 22}** West asserts one assignment of error in Greene App. No. 2020-CA-24:

THE TRIAL COURT FAILED TO ADJUDICATE THE LEGITIMACY OF THE ALLEGE [sic] INDICTMENT, THEREBY FAILING TO ADDRESS ITS LACK OF SUBJECT-MATTER JURISDICTION, PURSUANT TO AND IN ACCORDANCE WITH THE CONTRARY TO LAW AND UNLAWFULLY RETURNED INDICTMENT, AS ADVANCED BY APPELLANT, UNOPPOSED.

**{¶ 23}** In his motion to "adjudicate legitimacy" of his indictment, West directed the court's attention to the following exchange in the March 6, 2015 transcript of his scheduled arraignment:

---

[2] The first three paragraphs of the *Greer* syllabus state: "1. Disclosure of grand jury testimony, other than that of the defendant and co-defendant, is controlled by Crim.R. 6(E), not by Crim.R. 16(B)(1)(g), and the release of any such testimony for use prior to or during trial is within the discretion of the trial court.   2. Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy. (Paragraph three of the syllabus in *State v. Patterson*, 28 Ohio St.2d 181, 277 N.E.2d 201, approved and followed.)   3. Whether particularized need for disclosure of grand jury testimony is shown is a question of fact; but, generally, it is shown where from a consideration of all the surrounding circumstances it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witness' trial testimony."

THE BAILIFF: Court calls State of Ohio versus Thomas West. Case Number 2015 CR 129.

DEFENDANT THOMAS WEST: I object, you Honor.

MR. KING: Griff Nowicki.

THE COURT: Griff Nowicki. Sir, your attorney of record is Mr. Griff Nowicki who can't be here today, so Mr. King's going to stand in for him just for this arraignment, is that okay with you?

DEFENDANT THOMAS WEST: I object to that. I didn't have, I have not talked to anybody, and I'm representing myself, not that Counsel as any court [sic], sir.

THE COURT: Okay. So you don't want to go forward with your arraignment this afternoon?

DEFENDANT THOMAS WEST: I object to that, sir. Yes, I do.

THE COURT: Okay.

DEFENDANT THOMAS WEST: I explicitly reserve my rights not to be held in a - -

THE COURT: Okay. What the Court's going to do is then I'll set this over for one week, till next Friday at 1:00 * * *.

* * *

DEFENDANT THOMAS WEST: Your Honor? May I speak?

THE COURT: What is your question, sir?

DEFENDANT THOMAS WEST: I want to move to have this indictment and all these processes dismissed. They're, they're not in

conformity with the constitution of our state, sir.

 THE COURT: Okay. Well, the Court - -

 DEFENDANT THOMAS WEST: Let me - -

 THE COURT: - - the court will - -

 * * *

 THE COURT: Let me finish[ ]. The Court will take your request under advisement. We'll come back at 1:00 next week, okay?

 DEFENDANT THOMAS WEST: I'm a national, and not, not - -

 UNIDENTIFIED FEMALE VOICE FROM JAIL CAMERA: He's all done.

 THE COURT: Okay. Thank you, sir. That concludes this arraignment for this afternoon.

**{¶ 24}** In its decision, the trial court noted that West's conviction had been previously upheld in *West*, 2d Dist. Greene No. 2015-CA-72, 2017-Ohio-7521, and it denied West's motion for a determination of the "legitimacy" of the indictment because: 1) the issue should have been raised on appeal and was barred by res judicata; 2) the court had "no jurisdiction to hear and decide this motion"; 3) case law did not support West's claim (citing *Dubose v. Kasich*, S.D. Ohio No. 2-11-00071 (January 15, 2013)); and 4) "Federal courts routinely recognize these theories as meritless and worthy of little discussion."

**{¶ 25}** As the trial court noted, West's appeal in Greene App. No. 2020-CA-22 was pending when he filed his motion, and the trial court was therefore without jurisdiction to consider it. "As a general rule, a trial court is divested of jurisdiction once an appeal is

taken, except to take action in aid of the appeal."   *State v. Carr*, 2d Dist. Montgomery No. 28193, 2019-Ohio-3802, ¶ 39, citing *State ex rel. Special Prosecutors v. Judges,* 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978).   Notwithstanding this finding with respect to jurisdiction, the trial court addressed the merits of West's motion, overruling it for additional reasons.

{¶ 26} West asserts that it "is apparent that Count 1 of the indictment is only a vague conclusion of the law, to serve as a catch-all conclusion of the law and does not sufficiently state an offense, to advise the Defendant of the particulars and essential elements of the offense found by the grand jury."

{¶ 27}  The record reflects that, in addition to the proceedings on March 6, 2015 (which are quoted above), West repeatedly challenged the trial court's jurisdiction in proceedings held on March 13, March 17, April 23, and July 7, 2015, asserting that he was a "natural person, free and independent of any corporate law or commercial law." On July 7, 2015, the court informed West of this court's opinion issued a few weeks earlier in *State v. Few*, 2d Dist. Montgomery No. 25969, 2015-Ohio-2292, wherein the defendant "raised the same issues [West had] about the commercial court, and the ability for the Court to have jurisdiction."   The court advised West that we had rejected that argument and that, to the extent that West asserted that the court should have "adjudicate[d] the legitimacy of the indictment" on this basis, he was incorrect, and the argument was barred by the doctrine of res judicata.

{¶ 28} To the extent that West asserts in this appeal that his indictment failed to set forth the offense of felonious assault in Count 1, this Court has noted:

> [T]he question of whether an indictment is defective is a matter that

is only capable of being raised on direct appeal. *State v. Lowery*, 2d Dist. Montgomery No. 24198, 2011-Ohio-2827, ¶ 21. This court has held that the issue of the sufficiency of an indictment must be raised on direct appeal and cannot be addressed in a collateral attack. *State v. Howe*, 2d Dist. Montgomery No. 23423, 2010-Ohio-1621, ¶ 20; *accord State v. Walker*, 8th Dist. Cuyahoga No. 93749, 2010-Ohio-4008.

*State v. Boyle*, 2d Dist. Greene No. 2018-CA-12, 2018-Ohio-3284, ¶ 9.

{¶ 29} Since West failed to challenge the sufficiency of the indictment during the pendency of the trial court case or on direct appeal, the issue is barred by res judicata. *Id.*; *Lowery* at ¶ 21, citing *State v. Tucker*, 2d Dist. Montgomery No. 23408, 2010-Ohio-2642, at ¶ 6.

{¶ 30} West's assignment of error is overruled.

{¶ 31} Having overruled West's assignments of errors, the judgments of the trial court are affirmed.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Marcy A. Vonderwell
Thomas M. West
Hon. Stephen Wolaver