[Cite as *State v. Brown*, 2024-Ohio-5703.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-18 |
| | : | |
| v. | : | Trial Court Case No. 24 CRB 357 |
| | : | |
| JAMES F. BROWN | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on December 6, 2024

. . . . . . . . . . .

JAMES F. BROWN, Pro Se Appellant

MARK M. FEINSTEIN, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} James F. Brown appeals from a judgment of the Champaign County Municipal Court, which found him guilty of contempt and ordered him to perform

community service.   For the following reasons, the trial court's judgment will be reversed

## I. Facts and Procedural History

{¶ 2} This contempt case stems from two prior proceedings.   According to the State's exhibits, Brown had a 2014 traffic case, which was resolved in 2022.   *See State v. Brown*, Champaign M.C. No. 14TRD1417.   The judgment entry for that case is not in this record, but the court apparently imposed fines and/or court costs.   On March 28, 2023, Brown appeared before the court to address an outstanding balance of $741.52 in that case.   His payment schedule was modified to $20 per month beginning on June 1, 2023.   The order required Brown to appear on June 2, 2023, at 8:00 a.m. if he were unable to pay.   Brown did not make any payments or appear.

{¶ 3} On December 13, 2023, Brown pled guilty in Champaign M.C. No. 23CRB435A to one count of "dog at large," and the court imposed a $35 fine and court costs of approximately $345.   The judgment entry noted that Brown owed an existing "fine" of $741.52.   The court found that Brown was able to pay the fine and costs, and it ordered him to pay $20 per month, beginning on February 1, 2024.   Brown was to appear on "the next business day after payment was due" at 8:00 a.m. if he could not pay.   The entry warned that failure to appear may result in his arrest and contempt proceedings.   It further provided that the penalty for a first offense contempt of court was a maximum of 30 days in jail and/or a $25 fine, that failure to pay and to appear as ordered could result in the matter being turned over to a collection agency, and that a collection agency would add a 30% fee to any outstanding balance.

{¶ 4} The same day, in both cases, a "2024 Payment Agreement Record" was

filed, reflecting an aggregate beginning balance of $1,120.72 and showing that monthly payments of $20 were due starting on February 1.   This document was not signed by the court.   As of the July 2024 contempt trial, no payments had been made.

{¶ 5} Brown was arrested on June 29, 2024, and on July 1, 2024, he was charged with criminal contempt, in violation of R.C. 2705.02(A), for failing to appear for a review of fines and costs on February 1, 2024, as ordered on April 28, 2023.   [Dates sic.]   Trial was scheduled for July 12, 2024, and Brown was released on his own recognizance.

{¶ 6} Brown appeared for trial and waived his right to counsel.   The State then presented testimony from the clerk of courts for the Champaign County Municipal Court, who reviewed various filings from Brown's cases.   Brown testified on his own behalf, saying that he could not afford to pay the $20, but he asserted that he could perform community service if it were on certain days and near where he lived in Champaign County.   After hearing the evidence, the trial court found Brown guilty of contempt.   The court explained that Brown was told that, if he could not pay, he needed to "show up on certain day and come in and tell me that."   The court indicated that it had issued contempt warrants because when he did not appear and it had "no other way of getting ahold of [him]."   Because Brown had expressed willingness to perform community service, sentencing was continued until July 18, 2024, to allow the probation department to identify a community service location for him.

{¶ 7} At the July 18 sentencing hearing, the trial court ordered Brown to begin community service at Kiser Lake on August 17, 2024, from 8:00 a.m. to noon, and then to perform community service every Saturday and Sunday at 8:00 a.m. until his hours

were completed. The court notified Brown that failure to comply with community service would result in a finding of contempt of court. The next day, the trial court filed a written entry memorializing its sentence.

{¶ 8} We note that the trial court filed an "entry of conviction" on August 12, 2024, but this filing had no import. Although filed after sentencing, the entry was signed on July 12 and it simply memorialized the court's verdict and the scheduled sentencing date.

{¶ 9} Brown appeals pro se from the trial court's judgment. His appellate brief fails to conform with the requirements of App.R. 16, which outlines the requirements for appellate briefs. It is difficult to decipher and appears to raise sovereign citizen-type arguments. Nevertheless, he asks for the "elimination of all claims and dismissal of all charges related to this matter," among other remedies. We infer that he is claiming that the trial court erred in finding him in contempt. The State has not filed a responsive brief.

**II. Review of Contempt Judgment**

{¶ 10} Contempt of court is defined as disobedience of a judicial order. *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55 (1971), syllabus. "It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Id.* "[T]he purpose of the law of contempt is to ensure the effective administration of justice and to secure compliance with the court's lawful orders." 17 Ohio Jurisprudence 3d, Contempt, Section 2. The essential element of a contempt proceeding is that the individual facing the contempt charge has obstructed the administration of justice in some way. *Martin v. Martin*, 2008-Ohio-6336, ¶ 20 (2d Dist.).

**{¶ 11}** "Contempt falls within two general categories – civil and criminal – based on the character and purpose of the sanction." *State v. Dean*, 2007-Ohio-1031, ¶ 15 (2d Dist.). Criminal contempt sanctions are unconditional, punitive, and designed to vindicate the authority of the court. *Miami Twp. Bd. of Trustees v. Powlette*, 2023-Ohio-2890, ¶ 20, citing *Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 2014-Ohio-4254, ¶ 14. "Civil contempt sanctions, on the other hand, are remedial and are intended to coerce the contemnor into complying with the court's order." *State v. Montgomery*, 2004-Ohio-1699, ¶ 18 (2d Dist.).

**{¶ 12}** Contempt is also classified as being either direct or indirect, depending on where the conduct occurs. Direct contempt involves "misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice." R.C. 2705.01. In contrast, indirect contempt involves actions that occur outside the presence of the court but demonstrate a lack of respect for the court or its lawful orders. *Preston v. Shutway*, 2013-Ohio-185, ¶ 31 (2d Dist.).

**{¶ 13}** Brown was charged in a "criminal complaint" with violating R.C. 2705.02(A), which defines contempt as "[d]isobedience of, or resistance to, a lawful . . . order, rule, judgment, or command of a court or officer[.]" An individual's intent to violate the order is an essential element of criminal contempt. *State v. Chavez-Juarez*, 2009-Ohio-6130, ¶ 42 (2d Dist.). We have held that "willful, reckless, or indifferent" conduct provides a sufficiently culpable mental state for criminal contempt. *State v. Mobley*, 2002-Ohio-5535, ¶ 15 (2d Dist.). An indirect criminal contempt proceeding requires proof beyond a reasonable doubt. *In re Guardianship of Polete*, 2018-Ohio-5275, ¶ 12 (2d Dist.).

{¶ 14} We review a trial court's finding of contempt for an abuse of discretion. *Id.* at ¶ 13, citing *State ex rel. Delco Moraine Div., Gen. Motors Corp. v. Indus. Comm. of Ohio*, 48 Ohio St.3d 43, 44 (1990). To constitute an abuse of discretion, a trial court's action must be arbitrary, unreasonable, or unconscionable. *Ojalvo v. Bd. of Trustees of Ohio State Univ.*, 12 Ohio St.3d 230, 232 (1984).

{¶ 15} At the outset, we observe that the contempt complaint is confusing, at best, and defective, at worst, in that it appears to conflate obligations from Brown's two separate cases. The complaint alleged that Brown failed to appear on February 1, 2024, as ordered by the trial court on April 28, 2023. The case number from the dog-at-large case was noted in the case caption, which suggests that the contempt allegation referred to Brown's nonpayment in that case. However, the conduct underlying the dog-at-large conviction did not occur until May 25, 2023 (*see* State's Ex. A-B), and the judgment of conviction was filed on December 13, 2023 (*see* State's Ex. C). Under that judgment, Brown was required to appear on February 2 if he failed to pay. There was no evidence that Brown failed to comply with an April 2023 order related to his dog-at-large case.

{¶ 16} As for the traffic case, the record does not indicate how much Brown was originally assessed in fines and/or court costs. On March 28, 2023, Brown appeared before the trial court to address a balance of $741.52 for "fines and cost." The court's entry did not differentiate between court costs and fines. State's Ex. F.

{¶ 17} The March 28, 2023 judgment modified Brown's payment agreement to a monthly payment of $20, beginning on June 1, 2023. He was ordered to appear on June 2, 2023, if he could not pay. The entry was signed, dated, and filed on March 28, 2023.

State's Exhibit F shows an additional date written above the judge's signature (April 28, 2023), but there is no indication that the entry was re-filed in April 2023. Accordingly, Brown's obligation to pay appears to have stemmed from the March 28, 2023 judgment, and there was nothing in that order that required him to appear on or about February 2, 2024. Although Brown's existing balance in the traffic case was noted on the judgment of conviction in the dog-at-large case, we see no indication that the dog-at-large judgment affected his sentence in the traffic case.

{¶ 18} We recognize that precise times and dates are not ordinarily essential elements of offenses. *State v. Sellards*, 17 Ohio St.3d 169, 171 (1985); *In re C.M.R.*, 2018-Ohio-110, ¶ 58 (2d Dist.). "A certain degree of inexactitude of averments, where they relate to matters other than elements of the offense, is not per se impermissible or necessarily fatal to a prosecution." *Id*. Nevertheless, by treating Brown's payment obligations collectively, the complaint failed to clearly identify what order(s) Brown allegedly violated and when the violation(s) occurred.

{¶ 19} We further emphasize that court costs and fees are distinct from fines, and they are treated differently. *See, generally, Disciplinary Counsel v. Hoover*, 2024-Ohio-4608, ¶ 5-10; *State v. Carpenter*, 2023-Ohio-4062, ¶ 20 (2d Dist.). Unlike fines, which are a criminal sanction, court costs and fees are civil obligations. *Hoover* at ¶ 7, citing *State v. Taylor*, 2020-Ohio-3415, ¶ 21; Ohio Const., art. I, § 15. A trial court can order a defendant to perform community service in satisfaction of the costs or place the defendant on an approved payment plan for the costs, but a person cannot be jailed for failing to pay court costs. *Hoover* at ¶ 7; *see also State v. West*, 2020-Ohio-6647, ¶ 11 (2d Dist.).

Of relevance here, a court may not order a person to appear or issue a warrant for unpaid court costs.  *Hoover* at ¶ 9; *Hirzel v. Ooten*, 2008-Ohio-7006, ¶ 57 (4th Dist.).

**{¶ 20}** In this case, the State did not present evidence of the amount of fines, as opposed to court costs, that were due in Brown's traffic case.  Indeed, it is unclear whether Brown had *any* outstanding fines in his traffic case.  Accordingly, the State did not establish that the trial court lawfully issued an order for Brown to appear following his failure to make a payment on his outstanding balance in that case.  Again, if Brown did not owe any fines, he could not be arrested based on his failure to pay outstanding court costs and fees.  That being so, the State did not prove that Brown could be held in contempt for failing to appear to address the nonpayment in his traffic case.

**{¶ 21}** The State's evidence did show that Brown was required to pay a $35 fine in his dog-at-large case, and a defendant may be required to appear for a hearing on nonpayment of fines.  While the trial court could have held him in contempt for failing to appear to address the unpaid $35 fine, the record suggests that the contempt finding was based the total amount owed, not just the fine.  On this record, we conclude that the contempt finding was an abuse of discretion.

**{¶ 22}** To the extent that Brown has challenged the finding of contempt, his assignment of error is sustained.

### III. Conclusion

**{¶ 23}** The trial court's judgment will be reversed.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.